[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S EXCEPTIONS TO ATTORNEY TRIAL REFEREE (#118) PLAINTIFF'S EXCEPTIONS TO ATTORNEY TRIAL REFEREE (#119)
The attorney trial referee conducted a trial in this matter in January of 1997, and filed her report on May 12, 1997. On May 27, 1997, the plaintiff filed a timely motion to correct, and the attorney trial referee denied the motion by a decision dated January 15, 1998. CT Page 11247
The plaintiff filed its exceptions to the attorney trial referee's report on July 2, 1999, and it filed objections to the acceptance of the report on July 13, 1999. The defendant has filed memoranda in opposition.
Relying on the 120-day limit incorporated in Practice Book sections "such as" § 11-19 and § 23-64, the plaintiff objects, in pertinent part, on the basis that the attorney trial referee took an "inordinate amount of time" to decide the motion to correct.
"`The rules of practice governing procedure in matters referred to committees are also applicable to attorney trial referees. . . .'" (Brackets omitted; citation omitted.) StateBank of Westchester v. New Dimension Homes, 38 Conn. App. 491,498, 661 A.2d 119 (1995), quoting Seal Audio, Inc. v. Bozak,Inc., 199 Conn. 496, 502-03, 508 A.2d 415 (1986). "The parties may seek additions and corrections to the facts contained in [the attorney trial referee] report by filing a motion to correct with the attorney trial referee pursuant to Practice Book § [19-12]."Kallas v. Harnen, 48 Conn. App. 253, 256, 709 A.2d 586, cert. denied, 244 Conn. 935, 717 A.2d 232 (1998). "As soon aspracticable the [attorney trial referee] shall file with the court the motion to correct, together with the [attorney trial referee's] decision thereon." (Emphasis added.) Practice Book §19-12.[1] Here, by decision dated January 15, 1998, the attorney trial referee denied the motion to correct. The decision contains a handwritten notation in the bottom left corner, however, dated June 22, 1999, indicating "cc Nathan C. Nasser, Esq., Hale C. Sargent, Esq."[2]
Untimeliness is not an express ground for either excepting to a referee's report; see Practice Book § 19-13; or for objecting to the acceptance of such a report. See Practice Book § 19-14. This court further recognizes that the time constraint contained in Practice Book § 19-12, "[a]s soon as practicable," lacks definiteness, unlike time limitations contained in other sections of Chapter 19; see, e.g., Practice Book § 19-4 (referee must render report within 120 days from the completion of trial). This court cannot find, however, that the lengthy delay occurring between the filing of the plaintiff's motion to correct and the plaintiff's notice of the decision on its motion was "[a]s soon as practicable." Therefore, the court finds that this delay constitutes a sufficient reason why the report should not be accepted. See Practice Book § 19-17(a) CT Page 11248
Accordingly, pursuant to Practice Book § 19-17 the court rejects the attorney trial referee's report and refers the matter to another attorney trial referee, to be selected by the parties within two weeks of the date of this decision.
DAVID W. SKOLNICK JUDGE